Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Francisco Javier Hernandez–Negrete ("Hernandez") appeals following his guilty-plea conviction and 57–month sentence of imprisonment on one count of being found in the United States, without permission, following removal after having been convicted of an aggravated felony.

For the first time on appeal, Hernandez argues that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional because they do not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. He contends that his sentence is invalid, and he argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

Hernandez acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*,

---

\* Pursuant to 5th Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cɪʀ. R. 47.5.4.

231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alberto GARZA–MIRANDA,**
**Defendant–Appellant.**

**No. 04–41254.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, For Plaintiff–Appellee.

L. Aron Pena, Law Offices of L. Aron Pena, Edinburg, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Alberto Garza–Miranda ("Garza") ap-

---

\* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

peals the 33–month sentence of imprisonment imposed following his guilty-plea conviction of one count of being found illegally in the United States following removal. *See* 8 U.S.C. § 1326(a), (b).

Garza, relying on *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), argues that the district court violated his rights under the Sixth Amendment by enhancing his sentence by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(i). The Sixth Amendment holding of *Blakely* applies to the federal sentencing guidelines. *See United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 746, 160 L.Ed.2d 621 (2005). Because Garza did not raise his argument in the district court, our review is for plain error only. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Our review of the record reveals no indication that the district court, sentencing under an advisory scheme rather than a mandatory one, would have reached a significantly different result as to Garza's sentence. *See id.* at 521. Because Garza cannot establish that his substantial rights were affected, he cannot establish plain error. *See id.* Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.